C. W. King, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 19456. Promulgated August 6, 1930.

*George Gardner, Esq.*, for the petitioner.
*A. H. Fast, Esq.*, for the respondent.

LANSDON: The respondent asserts a deficiency in income tax for the year 1923 in the amount of $1,571.23. The only issue is whether he correctly determined gross income by including therein the inventory value of certain yard buildings and equipment and a stock of lumber acquired by the petitioner in the taxable year as a going retail lumber business.

The petitioner is an individual who resides at Wichita, Kans., where he has been engaged in the retail lumber business since June, 1923. Prior thereto he was a substantial stockholder in the King-Lawrence Lumber Co., which operated eleven lumber yards located in Oklahoma. He acquired 161 shares of stock in that company after March 1, 1913, at a cost of $16,100. On account of differences with Lawrence, who owned a substantial part of the stock, he decided to dispose of his stock and withdraw from the enterprise. In June, 1923, he transferred such stock to Lawrence, and received in exchange therefor a retail lumber yard in Wichita and the promissory note of Lawrence of the face value of $15,000. The lumber yard consisted of sheds, buildings, and other operating equipment, and of a stock of lumber, which had inventory values of $4,259.25 and $20,400, respectively. Petitioner admits that the note was worth its full face value in cash, but contends that neither the yard equipment and buildings nor stock in trade had any readily realizable market value.

In his income-tax return for the year 1923, the petitioner computed and reported a profit on the transaction in the amount of $10,069.04. He arrived at this result by adding to $15,000, the value of the note, the amount of $11,169.04, which represented his estimate of cash received for lumber included in the inventory acquired by the exchange in June. This estimate was worked out in the following manner. Original inventory, $20,400; purchase of additional stock in trade between acquisition of the yard and December 31, $12,254.90, or a total of $32,654.94. From this it appears that of the total merchantable stock in trade in the petitioner's yard between date of acquisition in June and December 31, 1923, 62.5 per cent was acquired in the exchange and 37.5 per cent was purchased during the remainder of the year. He then assumed that sales were made from the lumber acquired by the exchange and that subsequently purchased, in the proportions above set out. He also claims that the cost of all the lumber sold during the year was $17,870.47 and that 62.5 per cent of this amount, or $11,169.04, represents the cost of the sales of stock included in the acquired inventory which, he claims, is all the realizable value that can be assigned thereto at date of its acquisition. Proceeds of other sales from the acquired inventory, presumably, are to be reported as made in subsequent years.

Even if the petitioner's theory be sound, he has failed to prove the facts upon which he relies. There is no convincing evidence that additional purchases in the taxable year for resale cost the amount claimed, or that the actual cost of the merchandise sold was the amount used in his computation of profits. The assumption that sales were made from old and newly purchased stock in proportion to the costs thereof is not supported by evidence, and, in the circumstances, can not be accepted as a presumption of fact.

The petitioner relies solely on his contention that the lumber yard, that is, the buildings, equipment, and inventory, had no readily realizable value at the date of acquisition; that, for tax purposes, the exchange did not become a closed transaction until the last piece of lumber included in the original inventory was sold. In support of this theory a witness, who has had some experience as a broker of lumber yards, testified that there was no market in Wichita for such property in the taxable year. It is our opinion that the evidence adduced fails to overcome the presumption that the determination of the Commissioner is correct. It may not have been possible to sell the entire business at the date of its acquisition, but it was not obtained for that purpose. The evidence is clear that the inventory acquired by the petitioner was merchantable lumber and that more than half of it was actually sold during the taxable year. In general, it would appear that sound stock in trade of a retail business making sales every day all has a readily realizable market value, since profits from such a business depend upon the conversion of the inventory into cash within a period so limited that the entire capital investment may be turned over several times a year.

There may be some question as to the readily realizable value of the buildings and equipment included in the sale price of petitioner's stock, but no evidence in relation thereto was introduced. The determination of the Commissioner is affirmed.

*Decision will be entered for the respondent.*